### JOHN DAVOL, JR. *vs.* GEORGE W. QUIMBY.

An agent's authority to collect money for his principal is not revoked by the mere appointment of another agent with like authority; and a payment by the debtor to the first agent, after receiving notice of the appointment of the second, will discharge the debt, if there is no other evidence of a revocation of the first agent's authority.

CONTRACT, to recover wages. The defence was payment to the plaintiff's agent; whose agency was denied by the plaintiff.

At the trial in the superior court, before *Wilkinson,* J., it appeared that the plaintiff ordered one Keach to collect the debt of the defendant, and, after paying to one Howe a sum due to him from the plaintiff, to remit the balance to the plaintiff. A creditor of Keach, ascertaining that the latter had demanded the money of the defendant, and supposing it to be his own debt, commenced a trustee process against Keach, summoning the defendant as trustee. The plaintiff then authorized Howe to settle the trustee process "the best way he could," receive the money due from the defendant, apply so much thereof as was necessary in payment of the sum due from the plaintiff to Howe, and pay the balance to the plaintiff. Afterwards the defendant received notice from an attorney at law, demanding the money for and on account of the plaintiff. After this, the defendant paid the money to Howe. The plaintiff did not notify Howe of any withdrawal of his authority.

The plaintiff's counsel requested the court to instruct the jury that if the defendant had notice to pay the attorney of the plaintiff, he could not be justified in paying the money to Howe after such notice from the plaintiff, and if he did so he did it at his own risk, and did not discharge himself from liability to the plaintiff. The judge refused so to rule, and the jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*W. C. Greene,* for the plaintiff.

*W. H. Fox,* for the defendant.

BIGELOW, C. J. The instruction asked for by the defendant was rightly refused. It appeared distinctly from the evidence that the plaintiff authorized Howe to receive the money from

the defendant; but it was not shown that this authority was subsequently revoked. The mere fact that the plaintiff also authorized another person to receive the same money did not prove a revocation. There may be two persons appointed to exercise the same power as agents for a principal. If there is nothing in the nature of the agency to render an authority in one person inconsistent with a like authority in another, both may well be authorized, and the acts of either or both, within the scope of the agency, will be valid and binding on the principal. So it was in the case at bar. The defendant paid to one agent of whose authority he had had notice. This authority was not revoked by the notice given to the defendant that the plaintiff had also appointed another agent with similar authority. There was no other evidence of revocation.

*Exceptions overruled.*